STATE of Tennessee, Appellee,

v.

Pete WOOTEN, d/b/a General Building and Remodeling Company, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

April 11, 1985.

Permission to Appeal Denied by Supreme Court June 17, 1985.

**924**

Dale Quillen, Nashville, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, Maurine Carroll, Asst. Dist. Atty. Gen., Franklin, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of grand larceny and sentenced to serve not less than three years nor more than four years.[1] The trial judge granted the defendant's petition for a suspended sentence and placed him on probation for five years.

The defendant says the indictments should have been dismissed for failure to state a cause of action, says the instruction of the trial judge was erroneous on the larceny charge, says the state failed to prove venue was in Williamson County, says the evidence is insufficient to support the verdict, and says the terms of probation which the trial judge imposed exceed the discretion conferred on the trial courts in probation matters.

The judgment is affirmed.

In March, 1982, Ruth Brandon, in response to an advertisement, contacted the defendant to have a new roof put on her house. The parties entered into a contract on March 20; 1982. Brandon gave the defendant a check for six hundred dollars as the first payment under the contract; the defendant was to begin the work, weather permitting, on March 24, 1982.

The defendant did not commence the work on the date scheduled, and Brandon subsequently called him about this. She had some difficulty locating the defendant, and the upshot was that the defendant never did the job.

The evidence shows the defendant gave an address and phone number which was an answering service, that during the time Brandon was attempting to locate him he changed the name of his business and changed his phone number. The defendant did not inform Brandon of this change, and prior to these changes, she was able to communicate with the defendant, who gave various reasons as to why the work had not been done. After the changes, Brandon was unable to make contact with the defendant.

The defendant testified that he did not commence the work because of rain and adverse weather conditions and because his brother was seriously injured at the time and he was involved in seeing to him. The defendant testified he offered to return Brandon's money. He did not, however, ever furnish her a check for the amount.

The indictment in the cases was in three separate counts. On motion of the defendant, pre-trial, the second count of the indictment was dismissed. The defendant was tried on the first count, which charged breach of trust, and on the third count, which charged larceny.

The defendant was exonerated by the verdict of the jury on the charge of fraudulent breach of trust. The issue of whether the indictment as to this count was defective is moot and furnishes no basis for complaint.

■ We find no merit in the defendant's claim that the third count of the indictment

---

**1.** This offense occurred prior to the Judge Sen-    tencing Act.

was insufficient to charge a case of larceny.

The defendant claims that because the indictment does not state the taking of the check was unlawful, it is deficient.

The indictment alleges all of the elements necessary to constitute larceny and was thus sufficient. T.C.A. § 39–3–905(a)(2) provides that if a contract be used merely as the means of procuring possession, with an intent to make a fraudulent appropriation, the offense is larceny. *See Marler v. State,* 144 Tenn. 56, 229 S.W. 384 (1921).

The indictment sufficiently alleged a case of larceny, and was not vulnerable to a motion to dismiss. Whether the state could prove the charge was a matter which would abide the production of evidence at trial.

■ The defendant claims the instruction given to the jury on larceny was deficient because it did not contain an instruction that the taking of the check must have been done without the victim's consent and because it failed to state the jury must find the value of the property taken was more than two hundred dollars.

The trial judge instructed the jury as to the taking of the property in accordance with T.C.A. § 39–3–905(a)(2). This statute creates a trespass when property is taken in the manner therein described. The instruction of the trial judge correctly states this element and was sufficient in that regard.

As to the value of the goods taken, the only evidence in the record was that the value was six hundred dollars. Obviously, the defendant could not be prejudiced because the trial judge did not instruct them that the value of the property taken had to exceed two hundred dollars to constitute grand larceny.

■ The evidence does not support the defendant's contention that venue was not shown to be in Williamson County. Bran-

don testified that the transaction in the case occurred at her home and that her home was in Williamson County.

The defendant's attack on the sufficiency of the evidence is again centered on his claim that there was no proof that the taking was done by a trespass and that the proof shows that there was no intent to take Brandon's money and not perform his obligation under the contract.

■ There is sufficient evidence, as shown by our resumé thereof, from which the jury could find beyond a reasonable doubt that at the time the defendant received the check he intended to convert it to his own use as proscribed by T.C.A. § 39–3–905(a)(2). This statute also supplies the element of trespass necessary for larceny and the evidence shows the defendant's intent sufficiently to support the verdict.

The defendant contends the conditions of probation are so onerous that they constitute an abuse of discretion by the trial court. The conditions of probation are:

> If the probationer continues in the contracting business (roofing, remodeling, repairing), he shall: (1) have 'Pete Wooten' as the first two words of the name under which he operates; (2) maintain a listed telephone number in the telephone directory under name of 'Pete Wooten'; (3) include home telephone number and address in all advertising; (4) obtain a $10,000 corporate surety bond covering his business activities; (5) give a monthly report to probation officer listing names and addresses of all parties from whom he has received money to perform services or purchase materials in connection with his business.

The evidence in this case shows the defendant, by use of advertisements, held himself out to be licensed and bonded and to operate at a specific address with a specific telephone number. For the most part, this information was shown to be inaccurate.

■ The conditions placed on the defendant by the trial judge appear to us to be a reasonable attempt by the trial judge to permit the defendant to enjoy the largess of probation, to continue his business, and to protect the public from being defrauded as was the victim in this case. We do not find an abuse of discretion by the conditions which were imposed on the defendant.

DAUGHTREY and SCOTT, JJ., concur.